CHEHARDY, Judge.
On March 21, 1979, Donald Pitts, as 50% owner of the stock in Gulf South Divers, Inc., and Gulf South Refrigeration, Inc., petitioned the trial court to place these two corporations in involuntary dissolution and liquidation under supervision of the court.
On May 21, 1979, the court-appointed liquidator moved that the court rule Donald Pitts and Ronald Treadway to show cause why 300 shares of stock of Gulf South Boat Rentals, Inc. (hereinafter referred to as Rentals), issued by that corporation to each party in their respective names but actually paid for by Gulf South Divers, Inc. (hereinafter referred to as Divers), should not be declared to belong to the liquidated corporation Divers and why said shares should not be sold as an asset of the liquidated corporation. He noted that Ronald Tread-way claimed the stock belonged to Divers but that Donald Pitts denied this claim.
After taking evidence, the trial court rendered judgment on the rule on August 27, 1979, stating:
“IT IS ORDERED, ADJUDGED, AND DECREED that the SIXTY FIVE THOUSAND AND 00/100 ($65,000.00) DOLLAR proceeds issued on April 13, 1978 from Gulf South Divers, Inc. to Gulf South Boat Rentals, Inc. represents a TWENTY FIVE THOUSAND and 00/100 ($25,000.00) DOLLAR loan from Gulf South Divers, Inc. to Donald Pitts, a TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLAR loan from Gulf South Divers, Inc. to Ronald Tread-way, and a FIFTEEN THOUSAND AND 00/100 ($15,000.00) DOLLAR loan to Gulf South Boat Rentals, Inc. from Gulf South Divers, Inc.
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Donald Pitts and Ronald Treadway are the legal owners of each one hundred and fifty (150) shares of stock issued to them from Gulf South Boat Rentals, Inc., and the said Gulf South Divers, Inc. has no claim, right, or ownership to said stock.”
*1022 Defendant Treadway now appeals.
The April 13,1978 check issued by Divers to Rentals for $65,000 was signed by both Treadway and Pitts, who were each 50% owners of that corporation, and was endorsed “Gulf South Boat Rentals by Donald Pitts.”
On the same day, a stock certificate for 150 shares of stock in Rentals was issued to Ronald Treadway; a 150-share certificate was issued to Donald Pitts; and certificates for 100 shares each were issued to Vincent Licata, A. J. Licata and Katherine Kraft.
Pitts, who was president of both Divers and Rentals, testified at trial that he and Treadway borrowed the $65,000 from Divers. He said $25,000 was for him; $25,000 was for Treadway; and $15,000 was for operating capital in Rentals.
Vincent Licata, who also manages the large boat belonging to Rentals, explained at the hearing that he and his brother and sister also contributed $50,000 plus $15,000 working capital to start the business in return for the stock received in their names.
Licata also said that, subsequently, Rentals began to show a profit and, consequently, near the end of 1978 or early in 1979 there was a meeting of all the parties involved which resulted in a distribution of money to all the stockholders in proportion to the number of shares each one owned. He added that the $15,000 Pitts had characterized as a loan was actually “owed” by Rentals and he said when everyone decided to take their money back, Pitts and Tread-way would get $15,000 and the other $15,-000 would be split between his brother, his sister and himself.
In spite of the above testimony, Tread-way insisted at trial that Divers was the owner of the stock rather than he and Pitts as individuals and said that his stock in the boat company had just been “sent” to him in his name. He described the 1978 distribution of funds as a “bonus” rather than a dividend in spite of the fact that Rentals had only one employee at the time and Treadway himself was not an employee of that corporation.
There were no corporate records of promissory notes, no resolutions of loans, and no resolutions regarding the purchase of the stock in Rentals produced at the hearing. However, the shares of stock in the boat rental corporation were properly issued in compliance with the provisions of LSA-R.S. 12:52 and LSA-R.S. 12:57.
In reaching his decision the trial judge concluded that although Divers had given the $65,000 check to Rentals and Rentals in turn had issued $25,000 of stock respectively to Pitts and Treadway, retaining $15,000, the intent of the entire transaction was clear. The trial court determined from all of the evidence presented, and we agree, that it was the intent of Pitts and Tread-way, the sole owners of Divers, (1) to borrow $50,000 from Divers with which they each purchased $25,000 of stock in Rentals, and (2) to have Divers loan $15,000 to Rentals. It is not unusual to find this type of informal handling of transactions in closely held corporations.
We find, therefore, in view of all of the evidence produced at the hearing, the appellant Ronald Treadway failed to show that the stock in Gulf South Boat Rentals, Inc., belonged to Gulf South Divers, Inc., rather than to himself and Pitts individually-
Accordingly, the judgment of the trial court is affirmed in all respects. All costs of these proceedings are to be paid by plaintiff-appellant.

AFFIRMED.

GARRISON, J., dissents.